(64 App. Div. 406.)

## LINK v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  October 4, 1901.)

STREET RAILROAD—PASSENGER—PERSONAL INJURY—INTOXICATED CONDITION—
    EVIDENCE.
    An action by passenger against a street railroad company was defended on the ground that plaintiff received her injuries while intoxicated, and on account thereof. It appeared that she was arraigned in court the next morning on the charge of intoxication, and the record showed a plea of guilty. She denied having pleaded guilty. The officer who escorted her to the court testified that she asked him to plead for her, which he did; but he was not permitted to testify as to the plea he made, nor to admissions made to him by plaintiff as to her condition the night before. *Held*, that the exclusion of the officer's testimony was error.

Appeal from trial term, Kings county.

Action by Paula Link against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.
Otto F. Struse, for respondent.

HIRSCHBERG, J. The plaintiff's judgment was recovered for damages alleged to have been occasioned by the defendant's negligence while she was descending from a trolley car on the night of June 1, 1898. The defendant claimed that, if she was on the car at the time and was injured as alleged, it was due wholly or in part to the fact that she was intoxicated, and accordingly unable to take care of herself. While there was no direct evidence tending to show that the accident resulted from her condition,—no report of the accident having been made to the company, and no witnesses of the accident having been examined in its behalf,—the defendant was clearly entitled to prove that she was intoxicated at the time, if it could do so. There was some evidence given to that effect, but it was met

by the evidence of a lady who was with the plaintiff when the accident occurred, tending to establish that immediately after the accident some man procured brandy from a neighboring saloon and poured it down the plaintiff's throat in an effort to revive her. There was other evidence of her condition shortly before she boarded the car, but it was given by witnesses who were on unfriendly terms with the plaintiff. The plaintiff was taken on the night of the accident to the Twenty-Fourth precinct station house, and the next morning was taken to the Adams street court, where she was arraigned before a city magistrate. A certified copy of the affidavit and order was received in evidence, from which it appears that the charge then made against her was intoxication, and that she pleaded guilty. She denied, however, on this trial that she did then plead guilty. The officer who brought her to the magistrate's court testified that she asked him to plead for her, and that he did so. He was not, however, permitted to testify as to the plea which he did make, nor was he permitted to answer questions framed to prove that on her way to court the plaintiff admitted to him that she was intoxicated the night before. Under the circumstances, the defendant was entitled to prove the plaintiff's admissions that she was intoxicated at the time of the accident, whether made in court or out of it. We cannot say that the jury would have attached no weight to the rejected evidence if received, or that so much evidence was received on either side of the question as to make the rejection immaterial. The judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.